Good morning. May it please the Court, Rebecca Wedeen on behalf of the appellant, Dr. William Goodheart, with me today is my law partner, Clyde Thompson. We're here today on an appeal of the district court order that denied qualified immunity to Dr. Goodheart on a Section 1983 privacy claim. I think our briefs adequately set forth our position on the issues in this appeal. However, I take this opportunity to highlight a couple of those issues and answer any questions the Court might have. And I'll reserve a couple of minutes of my time for rebuttal, please. Maybe you could zero in on how this case differs from Jensen. Yes, sir. In the Jensen case, the Court dealt with the issue of whether qualified immunity was categorically available to the private psychiatrist that had been employed by a government entity. And although facially that appears to be the situation in this case, there are some very important distinguishing factors, which these are the factors that are set forth in the Richardson, the United States Supreme Court case of Richardson v. McKnight. And they deal specifically with the policies behind the qualified immunity. Well, would you concede that Jensen has already examined the absence of any evidence that there was traditionally a common law, a immunity for medical doctors under these circumstances? Well, Your Honor, we're not going under the historical prong of the analysis. That's true in this case. We are going under the policy aspect of the analysis. And I think it's an either-or. Under the Richardson case, either it's historically available or it's the policies behind qualified immunity would dictate its application. And I think here we're talking about the policy aspect. Let me follow up on the judge's question. It strikes me that a fair reading of your brief is that you concede that Jensen really doesn't apply and your basis of this is Richardson and in particular the adjunct to essential government activity language. That is correct, Your Honor. Also that just the facts are very different in this case than they are in Jensen and any of the other Ninth Circuit cases that have interpreted Richardson. And I think the major difference is that here we're dealing with a sole practitioner, just one person that contracted with the County of Marin to provide certain psychiatric consulting services and to determine eligibility questions regarding general assistance applicants. So ---- But if you take that position that you're looking at the prong of adjunct to essential government activity, how do you get around the district court's finding that those issues, I think the phrasing was shrouded, in genuine issues of material fact? I think the district ---- it's difficult to tell from the district court's opinion in this case what issues of fact the district courts finding that there were material issues of fact was specifically on this particular issue. It was more involved with whether or not there was a constitutional violation in the first place. So I don't think it really went to the issue of whether or not Dr. Goodhart was serving as an adjunct to government. Well, doesn't ---- isn't it just inherent in your attempt to distinguish the psychiatrist in Jensen from Dr. Goodhart that there has to be a factual resolution of the foundation for that? I don't think the fact ---- Effective competition, as Richardson talked about in the prison guard situation, as Jensen talked about. Why isn't that something that would need to be addressed factually to support your distinction? I think that that determination can be made based on the record, the undisputed facts that are before the court, and I think we've set those forth in our brief. The fact is that there was a ---- the contract between Dr. Goodhart and the county sets forth all of the relevant provision, talks about the scope of his employment. I don't think there's any question on those issues. The contract kind of speaks for itself, and the contract provides in this case that Dr. Goodhart is to be provided a defense by the county and indemnified by the county. That's not contested. Dr. Goodhart's defense in this case, as a matter of fact, is being provided by the county out of public funds. So that's the main distinguishing factor in this case that makes it much different than Richardson or Jensen. The county is the entity that is assuming the risk of liability. And so the policy analysis in Richardson and in Jensen simply doesn't apply in this case where it's not the private contracting firm that is able to provide private insurance to its employees. It's a completely different situation. We've got a public entity that's actually funding that aspect. You know, one of the ---- I guess it segues into a concern that I have, and it's not raised in the briefs, and I should have called it to your attention before oral argument. But we have a line of cases that basically indicates we have no appellate jurisdiction over a decision by the district court that there are genuine issues of material fact. And that's not only our case law, but this is the Supreme Court. Now, here, that's what the district court said, there are genuine issues of material fact. And I agree with you, there's no elaboration. Why is that an appealable issue? Well, Your Honor, I think that ---- I believe it's the Wilkins case. But it's cited in our brief, I think under the jurisdictional statement, that this Court does have jurisdiction to review whether the facts are questions of law that stem from material facts. So I guess the issue that we're suggesting is that the Court did not look at the material facts. If there are contested fact issues, they're not material to the analysis. And the Court does have jurisdiction to consider what the material facts are, whether they're disputed, and whether they bear on the qualified immunity issue. I think you're probably correct in the sense that just because there are issues of fact doesn't necessarily preclude our analysis. But if the appeal is from the district court's determination that there are genuine issues of material fact, that's clearly precluded. And it seems to me there is an element of that to your appeal. You're saying, no, the district court was wrong, there are no genuine issues of material fact. Well, Your Honor, it is true that it's difficult to tell from the Court's opinion below what exactly the material facts are that they consider to be at issue. However, I think we have ---- our brief does a good job of setting forth what the undisputed facts are. And also describing what we believe would be the material facts. And like I said, I do believe the Court has jurisdiction to consider that in this case. The difficulty is in the Court's last order where it seems to me the district judge is just rejecting qualified immunity based solely on the existence of genuine issues of material fact. Is that the way you read that? That's the way I read it, Your Honor. And, you know, we raise several different issues with respect to qualified immunity. So ---- And I understand your position, too, because it does appear from the prior orders that there was an issue of law involved that the Court considered. Yes, Your Honor. But in the final order, it's just completely fact-bound. Well, I think he also referred to his previous orders. Right. And incorporated kind of the reasoning behind those previous orders. And that's basically what we discussed in our brief. The problem, the way I read it, is that, at least as far as I'm concerned, I'll just have to puzzle my own way through it. But he did refer to the previous orders, but then said in which I said that there were genuine issues of material fact, which isn't quite what the previous orders said. Anyway. It is a little confusing, Your Honor. But I do believe you still ---- this Court does have jurisdiction to consider the issues anew based on the fact that this is a summary judgment ruling, and the Court is able to consider whether any material issues of fact do exist. So we would ask the Court to take that into consideration and go ahead and decide that. Any further questions? No. Thank you, counsel. I reserve my reign of time. Thank you. Good morning, Your Honors. Stephanie Brown on behalf of the Plaintiff Appellee, Frank Dumont. And I think one of the issues that ---- one of the reasons that it's a little confusing, the briefs are a little confusing in light of the order is because the footnote in Richardson was not a basis of the argument that Dr. Goodhart made below in the context of the qualified immunity issue. It was raised for the first time on appeal. So the district court did not address it in this order because it was not raised in this ---- in the context it was presented to this Court. It wasn't raised in the same context. The bottom line is that Jensen is applicable. The burden is on Dr. Goodhart to show that there is ---- because ---- let me back up. Because Section 1983 on its face admits no immunities. The burden is on the defendant who seeks to have immunity applied to him under Section 1983 that immunity historically applies to his category of service or the context in which he is alleged to have violated the constitutional rights of the plaintiff. In this case, Dr. Goodhart is sued both in his official capacity and in his individual capacity. And Dr. Goodhart's briefs do not address the fact that the Owens case cited in the opposition brief dispositively addresses the fact that an individual sued in his official capacity is not entitled to qualified immunity. It just doesn't apply to the individual sued in the official capacity. So the only issue that we're really discussing here is whether that the qualified immunity applies in his individual capacity, and that's where we get into the Jensen discussion and the other areas of historical. And as his counsel argues now, policy reasons for why qualified immunity should apply in this case. But the burden is on Dr. Goodhart, and it just simply has not been shown in the first place. The immunity is not ---- he's not of the type of person that is categorically entitled to claim qualified immunity in the first place. And I think the entire appeal can be disposed of on that basis. Tell me what you ---- how you construe Judge Schenken's order, the last order, when he says that these are shrouded with issues of fact. It's a bit frustrating, Your Honor, because as I experienced the summary judgment, what happened was there were myriad state issues that were raised in the pleadings, defamation and constitutional, California constitutional violations. Myriad different issues raised, and on the basis of a state immunity defense, the district court dismissed all of the state causes of action, and in the order that's now on appeal simply said nothing else is going forward to trial except for Section 1983, and none of the defenses raised apply, we're going forward to trial. He basically just sort of cleaned up the pleadings by dismissing everything except for the Section 1983, and not only. So, and it seemed a bit cursory and not really addressing of the issues that were presented before him to sort of make that summary statement that they are shrouded in genuine issues of material fact. But the ---- in his defense, the papers that were filed addressed every single issue under the sun. The summary judgment should really have been ---- Let me interrupt for a second. Let me put my question another way. What do you view, what did you contend were the genuine issues of material fact that precluded summary judgment on this? On the qualified immunity issue? I attacked it on the same basis you see in the pleadings, first of all, from a legal perspective, which I urge  you not to do, but I was talking about the facts. From a legal perspective. I understand your legal argument, but I'm trying to get a grip on what issues were disturbing Judge Jenkins. What issues did he need to resolve to, in order to, in your view, to apply or not apply qualified immunity? With factual issues? Yes. Well, that would, if you get past the question of whether or not that he's an individual that's categorically entitled to a, you know, if you get over the legal hurdles, then you get ultimately down to the question of whether it was objectively reasonable for Dr. Goodhart to believe that the actions that he took were not in violation of the Constitution. And that is classically a question of fact for the jury, is whether it was objectively reasonable for him both to create the type of report that he did create, which was not in violation of the Constitution, which was an unreasonable use of the confidential information to which he was given access for a limited purpose, both to create this 18-page report for the county's purposes to begin with, which the county admits they were given much more information about Mr. Dumont than they needed to make the eligibility determination, but then to take that report and instruct the individuals within the Office of Employment and Training to then distribute it outside of the county. That itself was also, in our opinion, objectively unreasonable use of the information to which he was given access for the limited purposes of determining whether or not Mr. Dumont was psychiatrically incapacitated from working. He was given information to confidential, access to confidential information for that very narrow limited purpose. So I think the only aspects are essentially undisputed, aren't they? Yeah, that he did instruct that if he did this. I'm listening carefully to what you're saying, and I don't see an issue of disputed fact. Am I wrong? I mean, how one interprets those facts is another matter of how one applies the law or how one interprets that. That's the only issue of fact that I can identify. You asked about what issues of fact are applicable to this. Well, I tried to find out what the district court meant when he said each of these arguments is shrouded in genuine issues of material fact. He was addressing, I think, all of the affirmative defenses that were raised. He has a whole litany of them listed in the order, seven of them in a row, including qualified immunity. And then he sort of summarily says each of these issues is surrounded, shrouded by genuine issues of material fact. I think Your Honor is correct in your reading of the previous rulings. He did rule twice on the qualified immunity issue that it doesn't apply on grounds of legal, on the grounds of the application of the law. And it was only when we got to the summary judgment stage that, after listing all the affirmative defenses addressed, he said all of these issues are shrouded in genuine issues of material fact. I suppose the authorization is an issue that the parties dispute. Absolutely. The authorization issue is not properly before this Court. It's an affirmative defense. And the way they've characterized it on appeal for the first time is that Goodhart could not have known or that it was objectively reasonable for him to have made these distributions because of his belief that these authorizations were in place. But that's backdooring the affirmative defense of whether the authorizations justified the violation, and it's not properly before this Court on an interlocutory appeal basis. Counsel, what, in your opinion, should be the Court's sanction for what seems to be a systemic problem in filing briefs by your office? I'm sorry. Say that again, Your Honor. What do you believe to be the appropriate sanction for what seems to be a systemic problem in the timing of filing briefs by your office? In this, with respect to the appellate briefs in this case, Your Honor, if you'll look at the history of how the Court expedited the briefing schedule and allowed Goodhart basically what was essentially six months to file the opening brief, because there was an issue I had attacked, and asked this Court to dismiss the appeal as frivolous, because that's what the district court labeled the appeal as, the appeal on the qualified immunity issue. So the Court, this Court stayed the briefing pending resolution of whether the appeal should be dismissed. When that issue was resolved, they gave Goodhart another three to four weeks to file the opening brief, and cut my time in opposition down to three weeks. So when I got the opening brief and there were all these issues that were raised that were not raised below, I mean, it's one thing to take a summary judgment brief and address it on the appellate level, but these were new issues that were raised that were not presented to the district court below. So it took longer than three weeks to put the brief together, and I made inappropriate estimates. Inaccurate estimates as to how long it would take me to put that material together. And if Your Honors feel that it's appropriate to sanction my office monetarily for the late brief, the final late brief that was filed, I will accept that as an appropriate sanction, a few hundred dollars. I apologize for the inconvenience and what appears to be disrespect of the rules. I can assure Your Honors it is not disrespect. It was a functional problem and for other reasons that were described in the briefs. Thank you. Other questions? Oh, yes. I do have a question. In Jensen there's, and in Richardson as well, there's a reference to, as an alternative to qualified immunity, the possibility of a good faith defense. Do you have a position on that? Your Honor, that's a little confusing. Some of the cases address the good faith defense simultaneously, as if it were the same thing as the qualified immunity defense because of the objective component, the objective reasonable component of the qualified immunity defense. There really, in Jensen, to the extent that it is quoting the Richardson dicta, my argument would be that those cases refer to the good faith defense as a separate affirmative defense that's not appropriate for interlocutory review, but that can be brought at a later time and, in fact, was pled separately as an affirmative defense by defense counsel in this case. Okay. I see my time is up. Is there anything going on in the district court right now or has it stayed pending appeal? This Court stayed the lower court proceedings pending the resolution of this issue. So to your question. All of the defendants have been dismissed from the case, is that right? Except for Dr. Goodhart and all claims against him, with the exception of the Section 1983 case, have been dismissed, yes. Okay. And we had a December trial date that was stayed by this Court. And, Your Honor, if I may just point out, there is a couple of – both sides have motions pending to seal the record that has been filed in this case, and Mr. Dumont is very, very concerned that the material that was filed in this case must not be made part of the public record. And, in fact, even the material that was filed by Dr. Goodhart that was not filed under seal includes material that should have been filed under seal that was filed under seal below, includes Social Security numbers, it includes medical issues, it includes the whole Social Security Administration ruling, which makes reference to all these other medical opinions, all of which are under seal and cannot be accessed by the public, you know, in other regards. So if Your Honors could please rule on those issues. No, we're going to rule on all pending motions following argument. Thank you, Your Honor. I only have a few seconds, Your Honor. I just wanted to mention that with respect to the contention that this issue was not – that the Jensen issue was not raised below. In fact, it was raised in the opposition papers on summary judgment. So it was presented to the district court and impliedly ruled on in the ruling on summary judgment. With respect to disputed facts, I think the disputed facts that the judge had in mind, Judge Dinkins had in mind, were related to how the information was disclosed in this case and just whether it was protected at all by the Federal right to privacy. I don't think that the disputed facts went to the issues that are relevant and material to the qualified immunity issue. So thank you very much. Thank you. The case result will be submitted.
judges: Thomas, Fisher, Robart